**RJM Litigation Group**

New Orleans  *  San Francisco

Richard J. Mooney | 415.874.3711 | richard.mooney@rjmlitigation.com | 505 Montgomery St. #1100.; San Francisco, CA 94111

March 6, 2023

*via ECF*

Honorable Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007



Re:   <u>That's What She Said, Inc. v. Gutter Games Ltd. and Perch UK 1 Ltd.</u>, Case No. 22-cv-4230 KPF:  Request for Informal Discovery Conference

Dear Judge Failla:

Plaintiff That's What She Said, Inc. ("TWSS" or "Plaintiff") respectfully submits this letter in response to the Court's memo-endorsement Order dated February 28, 2023 (Docket No. 41).  The Order directs Plaintiff to address two issues – *viz.*, "(i) Defendants' concerns about Plaintiff's failure to produce information regarding its purported damages and (ii) whether the parties were able to resolve any of the issues raised in Plaintiff's letter without court intervention in light of the issuance of the Protective Order."  Plaintiff respectfully addresses each issue below.[1]

## **Damages**

With full respect to Defendants, it is not the case that Plaintiff declined to produce information regarding purported damages, and it is certainly not the case that Plaintiff stated that it could not (or would not) identify persons or documents with information regarding damages.  To the contrary, Plaintiff expressly agreed to produce such documents in response to RFP 36 and explicitly listed the persons with information regarding Plaintiff's claims, including its damages, in response to Interrogatory 1.  What Plaintiff declined to do at this stage in advance of discovery and expert work was to provide a precise "computation" of damages, which Plaintiff believes is premature.  (Plaintiff did, in a settlement letter provided last April, provide a nine-page estimate of its damages, which is yet another reason to find unpersuasive Defendants' statement

---

[1]   Plaintiff will not address here Defendants' half-hearted assertion that the governing agreement precludes recovery of damages caused by Defendants' wrongful conduct.  Defendants may of course raise that argument in a motion to dismiss if they believe it to be plausible.

RJM Litigation Group
New Orleans  *  San Francisco

that lacking a precise calculation computation prior to discovery "hamstrings Defendants' ability to investigate and defend the case."

Finally, the *ad hominem* jab Defendants offer about the settlement conference is a bit cheeky.  Plaintiff had provided a discussion supporting its claim to $35+ million in April and made a reasonable proposal at the time.  Defendants', notwithstanding that the settlement conference was suggested by them, refused to make a counterproposal in advance of the conference and effectively ended the conference just as it was beginning.

### The Issues Raised in Plaintiff's Letter and the Protective Order

The only issue raised in Plaintiff's letter requesting an IDC that is impacted by the protective order (for which the parties thank the Court) is the first one – the fact that Defendants were served requests for production on August 4 and have not produced a single document in the seven months since then, relying in part on the lack of an issued protective order.

Given Defendants' representation in Docket No. 41 that they "expect to begin rolling out a production shortly", Plaintiff agrees that item number one in its letter (docket no. 37) is moot.  The parties have unfortunately not reached a resolution regarding items two through seven in Plaintiff's letter.

*       *       *       *       *       *       *

Plaintiff appreciates the Court's time and consideration of this letter and its request for an informal discovery conference.

Sincerely,

*/s/ Richard J. Mooney*

Richard J. Mooney

The Court is in receipt of Plaintiff's letter requesting a discovery conference (Dkt. #37), Defendants' response (Dkt. #39), and Plaintiff's above reply.  Plaintiff agrees that the first issue raised in its initial letter was mooted by the protective order entered by the Court on February 28, 2023 (Dkt. #40).  The Court also accepts Defendant Gutter Games' representation that the parties have resolved Plaintiff's seventh discovery concern without the Court's intervention.  The Court addresses the outstanding disputes with regard to each defendant in turn.

Plaintiff's second, third, fourth, and fifth discovery concerns seek production from Defendant Perch UK 1 Ltd ("Perch"), including information about Perch's contacts with the United States.  The extent and jurisdictional significance of those contacts is the subject of Perch's pending motion to dismiss.  (Dkt. #31).  Perch's motion to dismiss is fully briefed and, if granted, could dispose of all pending claims against that entity.  The Court's usual practice is to stay discovery pending the resolution of dispositive motions.  The Court thus finds that any discovery as to Perch unrelated to its jurisdiction is premature at this time.  However, the Court has broad discretion to order discovery in aid of its resolution of jurisdiction-based motions to dismiss.  *See Vasquez* v. *Hong Kong & Shanghai Banking Corp. Ltd.*, No. 18 Civ. 1876 (PAE), 2019 WL 3252907, at *1 (S.D.N.Y. July 19, 2019).

To that end, on or before **March 14, 2023,** Perch shall file a letter indicating whether it would prefer the Court to (i) deny its pending motion to dismiss without prejudice as to its renewal following jurisdictional discovery, or (ii) stay all discovery as to Perch until the pending motion is resolved.  If Perch's preference is to renew its motion with the benefit of discovery, the letter shall include proposed dates, agreed to by Plaintiff, for the completion of jurisdictional discovery and briefing of Perch's renewed motion.

Plaintiff's remaining discovery concern seeks to compel Gutter Games, which is not subject to the pending position to dismiss, to respond to certain interrogatories pursuant to Local Rule 33.3(a).  Additionally, Defendants claims that Plaintiff has complied with its obligations to disclose information about its damages.  The Court finds these disputes premature as it has not yet entered a Case Management Plan and Scheduling Order in order to facilitate the parties' efforts to settle this matter.  Accordingly, Plaintiff

and Gutter Games are ORDERED to confer and submit a revised Case Management Plan on or before **March 17, 2023**.  That plan shall include a proposed deadline for Rule 33.3(a) interrogatories.  *See* Template Case Management Plan § 8.B.  It shall also include deadline for initial disclosures.  *See id.* § 5.  The Court expects that Plaintiff's initial disclosures will include "a computation of each category of damages" in accordance with Federal Rule of Civil Procedure 26(a)(1)(A)(iii).

The Clerk of Court is directed to terminate the motions at docket entries 37 and 42.

Dated:     March 7, 2023           SO ORDERED.
           New York, New York

                                   HON. KATHERINE POLK FAILLA
                                   UNITED STATES DISTRICT JUDGE