

One Grand Central Place  Tel  212.689.8808
60 East 42nd Street, 48th Floor  Fax  212.689.5101
New York, New York 10165  www.hnrklaw.com

jcurley@hnrklaw.com

January 12, 2024

**VIA ECF**

Honorable Katherine Polk Failla
United States District Judge
Southern District of New York
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007



Re:  *That's What She Said, Inc. v. Gutter Games Ltd. and Perch UK 1 Ltd.*,
     Case No. 1:22-cv-4230

Dear Judge Failla:

We represent Defendants Gutter Games Ltd. ("Gutter Games") and Perch UK 1 Ltd. ("Perch UK" and, with Gutter Games, the "Defendants") in the above-referenced matter. We write pursuant to Federal Rules of Civil Produce 5.2(d) and 26(c)(1)(G) as well as Your Honor's Individual Rules of Practice to respectfully request that the Court permit Defendants to file certain financial-related information under seal or in a redacted form in connection with the Defendants' forthcoming motion for summary judgment.

Specifically, the Defendants seek (i) to file Exhibits F, G, and K to Defendants' motion for summary judgment under seal and (ii) permission to apply redactions to the publicly-filed versions of their opening brief, their Rule 56.1 statement, and certain supporting exhibits. Plaintiff's counsel consents to this application.

Although not dispositive, the parties agreed to, and the Court so-ordered, a confidentiality and protective order during discovery that provided protection to confidential business and financial information including pricing, revenue, profits, compensation, and sales information as well as and the details of business negotiations. ECF No. 40. The Defendants now move to file sealed and/or redacted versions of documents that contain information of this nature.

Courts in this Circuit have routinely held that "[t]he demonstration of a valid need to protect the confidentiality of sensitive business information, such as pricing and compensation information, may be a legitimate basis to rebut the public's presumption of access to judicial documents." *Valassis Commc'ns, Inc. v. News Corp.*, 2020 WL 2190708, at *3 (S.D.N.Y. May 5, 2020) (collecting cases); *Hanks v. Voya Ret. Ins. & Annuity Co.*, 2021 WL 2451981, at *3

(S.D.N.Y. June 16, 2021) (sealing documents upon a finding that the harm flowing from the disclosure of a defendant and a non-party's sensitive commercial information was greater than the public's need for the information).

Where, as here, the documents and information a party seeks to seal or redact concern an active business, and may reveal personal financial information that could cause embarrassment if revealed, Courts will permit sealing and redactions. *See, e.g.*, *Valassis Commc'ns, Inc.*, 2020 WL, at *3 ("Disclosure of the specifics of the FSI and other units' pricing, costs, revenue, and profit information could result in significant harm to Valassis without providing much value in the monitoring of the federal courts."); *see also Kewazinga Corp. v. Microsoft Corp.*, 2021 WL 1222122, at *6 (S.D.N.Y. Mar. 31, 2021) (collecting cases) (internal citations omitted) ("Examples of commonly sealed documents include those containing 'trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like.'"); *Hesse v. SunGard Sys. Int'l*, 2013 WL 174403, at *2 (S.D.N.Y. Jan. 14, 2013) (sealing documents that contained "billing rates and project pricing, as well as details of specific projects completed for several clients").

With these principles in mind, the Defendants respectfully request permission to file the following documents under seal:

- Curley Decl. Ex. F (a January 19, 2022 email with sales data), because it contains detailed 2021 sales data broken down by product and customer type, and pricing, revenue, and royalty information for Gutter Games and plaintiff That's What She Said, Inc. ("TWSS"). If this information is available to competitors, it could harm these businesses' competitive standing.

- Curley Decl. Ex. G (TWSS's 2021 Commission Tracker), because it contains detailed 2021 sales data broken down by product and customer type, and pricing, revenue, and royalty information for Gutter Games and TWSS. If this information is available to competitors, it could harm these businesses' competitive standing.

- Curley Decl. Ex. K (TWSS 2022 Commission Tracker, because it contains detailed 2022 sales data broken down by product and customer type, and pricing, revenue, and royalty information for Gutter Games and TWSS. If this information is available to competitors, it could harm these businesses' competitive standing.

The Defendants also ask the Court to permit them to redact the following information in the following documents:

- A table on the last page of Curley Decl. Ex. I (the Notice of Termination of the License Agreement), because it contains Gutter Games's detailed 2021 sales data broken down by product and customer type. This information could harm Gutter Games's competitive standing if it is available to competitors.

- The salaries earned by TWSS's principals and a former employee, which appear in Curley Decl. Ex. D (Transcript of Deposition of Mohsin Gulamhussein) 70:10, 12, 18, 19, 21, 24; 73: 13, 14; Curley Decl. Ex. C (Transcript of 30(b)(6) Deposition of TWSS) 175:19, 176:8; and

Curley Decl. Ex. E (Transcript of Deposition of Samantha Myers) 165:2, 5, 7, 10. This information concerns private financial information.

- TWSS's expenditure on, and revenue and profits from the Gutter Games business in 2020, 2021, and 2022, Curley Decl. Ex. C (Transcript of 30(b)(6) Deposition of TWSS) 159: 3-4; 159:18-19, 22; 177:16; and 178: 12, 13, 14, 16, 17.

- Gutter Games's cost and margin for a particular game in Curley Decl. Ex. L (Jack Hartigan Deposition) 130:17,18; the estimated value of the License Agreement to TWSS, *id*. at 207:23, 24; 213:5-6, 19; and the advertising spend compared to revenue for Gutter Games's distributors in England and France, *id*. at 53:22,24,25; 54:8,10,12,13, 14. If this information is available to competitors, it could harm these businesses' competitive standing.

- The sales figures in several paragraphs of Defendants' Statement of Undisputed Material Facts and in the Memorandum of Law to be filed in support of Defendants' motion for summary judgment.

In accordance with Your Honor's Individual Rules, Defendants will file under seal Exhibits F, G, and K; as well as unredacted versions of Exhibits C, D, E, I, and L, and the unredacted versions of Defendants' Statement of Undisputed Material Facts and Memorandum of Law to be filed in support of Defendants' motion for summary judgment. 9(B)-(C). Defendants will also email the Exhibits filed under seal, together with (i) a clean (*i.e.*, unredacted) copy of the document; and (ii) a copy of the document highlighting the information that has been redacted in the ECF filing to Chambers, as required under this Court's Individual Rule 9(B)(ii), with a copy to Plaintiff's counsel.

We thank the Court for its time and attention to this matter.

Respectfully submitted,

/s/ John P. Curley
John P. Curley
Hoguet Newman
Regal & Kenney, LLP
60 East 42nd Street, 48th Floor
New York, NY 10165

cc: All counsel of record (*via ECF*)

Application GRANTED.  The Clerk of Court is directed to maintain docket entries 77 and 78 under seal, viewable only to the parties and the Court.

The Clerk of Court is directed to terminate the pending motion at docket entry 72.

Dated:    January 16, 2024          SO ORDERED.
          New York, New York

                                    HON. KATHERINE POLK FAILLA
                                    UNITED STATES DISTRICT JUDGE