# RJM Litigation Group
## New Orleans  *  San Francisco

Richard J. Mooney | 415.874.3711 | richard.mooney@rjmlitigation.com | 505 Montgomery St. #1100.; San Francisco, CA 94111

April 12, 2024

*via ECF*

MEMO ENDORSED

Honorable Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re:   *That's What She Said, Inc. v. Gutter Games Ltd. and Perch UK 1 Ltd.*, Case No. 22-cv-4230 KPF:  Request for Permission to File Redacted/Sealed Documents

Dear Judge Failla:

At the request of Defendants, Plaintiff That's What She Said, Inc. ("TWSS" or "Plaintiff") respectfully submits this letter pursuant to Your Honor's *Individual Rules of Practice in Civil Cases* and related authority, requesting permission to re-file certain documents in redacted form or under seal.

Specifically, Defendants have requested that Plaintiff (1) redact certain material within Docket No. 84-5 (Exhibit H to the Mooney Declaration filed in opposition to Defendants' motion for summary judgment), (2) redact certain material within Docket No. 84-1 (the Myers Declaration filed in opposition to Defendants' motion for summary judgment), and (3) file under seal Docket No. 84-2 (Exhibit E to the Mooney Declaration).  Plaintiff does not oppose Defendants' request, and submits this letter in an effort to facilitate it.

\*     \*     \*     \*     \*

The Court may recall that Defendants previously requested, and the Court granted, permission to file under seal and redact certain documents submitted in support of their motion for summary judgment.  *See* Docket No. 81 (copy attached for the Court's convenience).  As Defendants noted (among other authority) in that request:

> Although not dispositive, the parties agreed to, and the Court so-ordered, a confidentiality and protective order during discovery that provided protection to confidential business and financial information including pricing, revenue, profits, compensation, and sales information as well as and [*sic*] the details of business

RJM Litigation Group
New Orleans  *  San Francisco

negotiations.  ECF No. 40.  The Defendants now move to file sealed and/or redacted versions of documents that contain information of this nature.

Courts in this Circuit have routinely held that "[t]he demonstration of a valid need to protect the confidentiality of sensitive business information, such as pricing and compensation information, may be a legitimate basis to rebut the public's puresumption of access to judicial documents."  *Valassis Communications, Inc. v. News Corp.*, 2020 WL 2190708, at *3 (S.D.N.Y. May 5, 2020) (collecting cases); *Hanks v. Retirement Insurance & Annuity Co.*, 2021 WL 2451981, at *3 (S.D.N.Y. June 16, 2021) (sealing documents upon a finding that the harm flowing from the disclosure of a defendant and a non-party's sensitive commercial information was greater that the public's need for the information).

Docket No. 81 at 1-2.[1]

The specific items at issue here, and the rationales for redacting and/or sealing them are as follows:

(1)    Defendants request redaction of certain portions of the deposition transcript of their employee that disclose confidential pricing, profit, and/or sales information, including specifically lines 22-25 of page 53; lines 8-14 of page 54; lines 17-18 of page 130; lines 23-24 of page 207; and lines 5-6 and 19 of page 213.  This deposition was submitted in Document 84-5, an attachment to the Declaration of Richard Mooney.

(2)    Defendants request redaction of a portion an attachment to the January 21, 2022 putative termination letter that discloses, which discloses certain of Defendants' 2021 U.K. sales data.  This putative letter was submitted in Document 83-1, the Declaration of Dan Myers.

(3)    Defendants request  redaction of a portion of tables showing Defendants' order/purchase totals, unit sales, and generated revenue, produced by Defendants in discovery in this action.  The tables were submitted in Document 83-1, the Declaration of Dan Myers.

(4)    Defendants request the filing under seal of the "Stock Purchase Agreement" executing the purchase of Defendant Gutter Games' stock by Defendant Perch, as the agreement reveals confidential information regarding the terms of the purchase and

---

[1]    Technically, the confidentiality order does not require a request to file material designated "confidential" under seal or in redacted form, but that does seem implicit in adoption of the order and Plaintiff does not object to making this request at the urging of Defendants.

**RJM Litigation Group**
New Orleans  *  San Francisco

Defendants' strategies relating to the purchase and sale of assets or businesses.  This deposition was submitted in Document 84-2, an attachment to the Declaration of Richard Mooney.

\*     \*     \*     \*     \*

In accordance with Your Honor's Individual Rules, Plaintiff will file under seal document (4) above and unredacted versions of documents (1)-(3) above.  In addition, Plaintiff will email to Chambers (with copy to counsel for Defendants) the documents filed under seal, together with (i) an unredacted copy of the document; and (ii) a copy of the document highlighting the redacted information.

\*     \*     \*     \*     \*

Plaintiff notes that counsel for Defendants has reviewed this letter request, and that all parties appreciate the Court's time and consideration of this request.

Sincerely,

Richard J. Mooney

```
Application GRANTED.  The Clerk of Court is directed to seal docket
entries 83 and 84, viewable to the Court and the parties only.

Plaintiff shall promptly file public versions of docket entries 83
and 84 on the docket, with certain exhibits redacted and / or sealed
in accordance with the above letter.

The Clerk of Court is directed to terminate the pending motion at
docket entry 87.

                                       SO ORDERED.
Dated:   April 15, 2024
         New York, New York




                                       HON. KATHERINE POLK FAILLA
                                       UNITED STATES DISTRICT JUDGE
```