UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THAT'S WHAT SHE SAID, INC.,<br><br>       Plaintiff,<br><br>    -v.-<br><br>GUTTER GAMES, INC., and PERCH UK 1 LTD.,<br><br>       Defendants. | 22 Civ. 4230 (KPF)<br><br>**ORDER** |

KATHERINE POLK FAILLA, District Judge:

  The Court is in receipt of Defendants' Memorandum of Law in Support of their Motion for Summary Judgment (Dkt. #77), as well as the accompanying declaration of John P. Curley (Dkt. #74) and Statement of Material Facts Pursuant to Local Rule 56.1 (Dkt. #78 ("Rule 56.1 Statement")).  The Court is also in receipt of Plaintiff's Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment (Dkt. #83), as well as the accompanying declarations of Richard Mooney (Dkt. #84) and Dan Myers (Dkt. #83).  Finally, the Court is in receipt of Defendants' Reply Memorandum of Law in Support of their Motion for Summary Judgment (Dkt. #85).

  Local Rule 56.1(a) requires a party moving for summary judgment to submit a "short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried."  Local R. 56.1(a).  Further, Local Rule 56.1(b) instructs that

> [t]he papers opposing a motion for summary judgment shall include a correspondingly numbered paragraph responding to each numbered paragraph in the statement of the moving party, and if necessary, additional paragraphs containing a separate, short and

> concise statement of additional material facts as to which it is contended that there exists a genuine issue to be tried.

Local R. 56.1(b). Here, Plaintiff has plainly failed to file a statement responding to Defendants' Rule 56.1 Statement (Dkt. #78), in direct violation of Local Rule 56.1(b).

Furthermore, Local Civil Rule 56.1(c) notes that

> [a]ll material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party.

Local Rule 56.1(c). Where a non-movant has failed to file a statement responding to the movant's Rule 56.1 Statement pursuant to Local Rule 56.1(b), courts have deemed the facts in the movant's Rule 56.1 Statement admitted and accordingly granted the motion. *See Millus* v. *D'Angelo*, 224 F.3d 137, 138 (2d Cir. 2000) (holding that there was no genuine issue of material fact due to plaintiff's failure to deny portions of defendants' Rule 56.1 Statement); *Gadsden* v. *Jones Lang Lasalle Americas, Inc.*, 210 F. Supp. 2d 430, 438 (S.D.N.Y. 2002) (rejecting plaintiff's untimely Rule 56.1 Statement and deeming facts in defendant's Rule 56.1 Statement admitted); *Wolde-Maskel* v. *Argus Cmty., Inc.*, No. 99 Civ. 10112 (LMM), 2001 WL 883648, at *1 n.1 (S.D.N.Y. Aug. 7, 2001) ("Because plaintiff failed to submit any papers opposing defendant's Rule 56.1 Statement of Undisputed Facts, the factual statements contained therein are deemed admitted by plaintiff.").

The Court is disappointed with Plaintiff's failure to comply with this District's Local Rules as to Defendants' Motion for Summary Judgment and,

2

more importantly, is dismayed that it must yet again provide Plaintiff with an opportunity to remedy its noncompliance with legal obligations.  (*See, e.g.*, Dkt. #52, 58, 62).  While the Court would be justified in deeming the facts in Defendants' Rule 56.1 Statement admitted for the purposes of Defendants' motion, the Court is mindful of its "broad discretion to determine whether to overlook a party's failure to comply with local court rules." *Commerzbank AG* v. *U.S. Bank, N.A.*, --- F. 4th ----, No. 22-854, 2024 WL 1863859, at *9 (2d Cir. Apr. 30, 2024) (internal quotation marks omitted); *see also D'Nelson* v. *Costco Wholesale Corp.*, No. 03 Civ. 219 (CLP), 2006 WL 767866, at *4 (E.D.N.Y. Mar. 24, 2006) (internal quotation marks omitted) (excusing parties' failure to file Rule 56.1 Statement).  Accordingly, the Court will allow Plaintiff limited additional time to file a statement responding to Defendants' Rule 56.1 Statement and to otherwise conform their submissions in opposition to Defendants' Motion for Summary Judgment to Rule 56.1.

Plaintiff is hereby ORDERED to file a statement responding to Defendants' Rule 56.1 Statement in accordance with Local Rule 56.1(b) on or before **May 31, 2024**.  Plaintiff is further ORDERED to file an amended Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment, converting all record citations therein to its Rule 56.1 Statement (as opposed to the declarations of Richard Mooney (Dkt. #84) and Dan Myers (Dkt. #83)).  To be clear, the Court expects that no new arguments will be set forth in Plaintiff's amended memorandum, but rather that Plaintiff will properly source

its factual assertions. The Court will grant no extensions of this deadline absent compelling circumstances.

To the extent Defendants wish to file amended reply papers, they are instructed to file a letter requesting as much within two weeks of Plaintiff's filing of its compliant Rule 56.1 Statement and amended Memorandum of Law. Furthermore, the Court may entertain an application that Plaintiff pay the fees and costs incurred by Defendants in filing any amended reply papers, in view of the fact that Plaintiff's failure to comply with the Local Rules of the Court would have rendered the filing of such papers necessary.

SO ORDERED.

Dated: May 22, 2024
New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge